IRA T. DREW *versus* PRESIDENT, DIRECTORS & COMPANY OF ALFRED BANK.

An attachment of real estate, made upon a writ containing a count upon a note, and a count for money had and received, without any specification of the claim to be proved under it, is void.

Such an attempted attachment is not rendered valid by striking out the general count and taking judgment upon the count on the note alone.

An attachment of real estate, invalid when made, cannot be rendered valid by any amendment of the writ.

ON FACTS AGREED.
REAL ACTION. Writ dated April 15, 1868.
The facts are sufficiently stated in the opinion.

*Ira T. Drew, pro se.*

*Dane & Bourne,* for the defendants.

When an amendment has been properly made and is for the same cause of action originally embraced in the writ, the amended writ is treated as it would have been if so made when the suit was commenced. *Heath* v. *Whidden,* 29 Maine, 108 ; *Prescott* v. *Tufts,* 4 Mass., 146. This rule is applicable in its effect to the whole process, the rights of

the parties under it and even to those of third parties. Wright v. Hale, 2 Cush., 492; Haven v. Snow, 14 Pick., 28; Seely v. Brown, 14 Pick., 180; Miller v. Clark, 8 Pick, 412; Ball v. Claflin, 5 Pick., 303.

The reasons given in the opinions in Osgood v. Holyoke, 48 Maine, 410, and in Neally v. Judkins, 48 Maine, 566, do not apply to case at bar; for the amendment was made before the date of the mortgage.

The docket, which is made part of the case, shows the plaintiff was counsel for Stimson in the action of the Bank v. Stimson, made no objection to the amendment of the writ, and knew judgment was recovered. Then he took his mortgage with the knowledge of all the facts. It is analogous to knowledge of unrecorded deeds. Norcross v. Widgery, 2 Mass., 508; Farnsworth v. Childs, 4 Mass., 637; Prescott v. Heard, 10 Mass., 62; Priest v. Rice, 1 Pick., 164.

DANFORTH, J. — Both parties claim title to the demanded premises under John N. Stevenson. The plaintiff by a mortgage deed dated August 13, 1867, duly recorded, and the defendants under an attachment made Nov. 2, 1865, followed by a judgment and levy, November 11, 1867. If, therefore, the attachment of the defendants was valid, they have the better title. If otherwise, the plaintiff must prevail. The writ, upon which the attachment was made, at the time of its service, contained two counts on promissory notes and one general count without any specification of the claim to be proved under it. It is well settled that an attachment on such a writ is void. R. S., c. 81, § 31; Osgood v. Holyoke, 48 Maine, 410; Neally v. Judkins, 48 Maine, 566; Hanson v. Dow, 51 Maine, 165; Farrin v. Rowse, 52 Maine, 409.

It is, however, claimed that the case at bar does not come within the principle settled in these cases, inasmuch as the writ upon which the defendants' attachment was made, was, before judgment, amended by leave of court by striking out

the general count.   But, according to the decisions already referred to and many others, the attachment, when made, was void.   If so, the subsequent action of the party and the Court could not revive it, because there was none to revive; nor could. it create an attachment, because that can only be done by the proper officer, having in his hands at the time a sufficient precept.   *Brigham* v. *Este,* 2 Pick., 423.

No subsequent doings of the Court can affect the acts of the officer in making the service, so as to render that valid which, when performed, was void.

It is undoubtedly true, as settled in the authorities referred to by the counsel for the defendants, that the amendment of the writ relates back to its date, and gives it the same effect, as between the parties, as if so made at first; but the return of the officer is not a part of the writ.   It is outside of it and must be valid or invalid according to the facts existing at the time it is made.   Nor is the fact, that the amendment was made before the date of the plaintiff's mortgage material, for the effect would be the same if made subsequently.   If it makes valid the attachment, it must do so from the date of the officer's return, and it would take the precedence of all subsequent sales and attachments, whether made before or after the amendment, which is clearly inadmissible.   It cannot be that a sale or attachment, valid when made, can be destroyed by giving to an amendment of the writ the effect of reviving or making valid a former attempt to make an attachment.   This would seem to have been settled in *Osgood* v. *Holyoke,* above cited, where it is held that, " the rights of the parties depend upon the facts disclosed by the declaration; not upon such as may be subsequently proved or ascertained."

Nor can any notice which the plaintiff may have had of an attempted attachment .avail the defendants.   If the attachment had been valid and had failed through want of record, a different question would have been presented, and one more analogous to the effect of a notice of a prior unrecorded deed.   A notice of a void deed would hardly en-

able the grantee named in it to hold against a *bona fide* purchaser, even though he subsequently obtained a good deed. No more can a subsequent purchaser be affected by a prior invalid attachment.

*Judgment for plaintiff as on mortgage.*

WALTON, DICKERSON, BARROWS and TAPLEY, JJ., concurred.